# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ZIONS FIRST NATIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| J-VILLE PROPERTIES, INC., | ) |
| MANGA REDDYREDDY, | ) |
| MOHAN REDDYREDDY, | ) |
| SADHNA RAM, | ) |
| MADHU RAM, | ) |
| ENTERPRISE BANK & TRUST COMPANY, | ) |
| STATE OF INDIANA DEPARTMENT OF | ) |
| REVENUE, | ) |
| UNITED STATES SMALL BUSINESS | ) |
| ADMINISTRATION, | ) |
| UNITED STATES OF AMERICA | ) |
| INTERNAL REVENUE SERVICE, | ) Case No. 1:11-cv-01562-TWP-DML |
| STERLING BANK, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| ENTERPRISE BANK & TRUST COMPANY, | ) |
| | ) |
| Cross Claim and Counter Claim Plaintiff,. | ) |
| | ) |
| v. | ) |
| | ) |
| ZIONS FIRST NATIONAL BANK, | ) |
| Counter Defendant | ) |
| | ) |
| J-VILLE PROPERTIES, INC., | ) |
| MADHU RAM, | ) |
| SADHNA RAM, | ) |
| MANGA REDDYREDDY, | ) |
| MOHAN REDDYREDDY, | ) |
| STATE OF INDIANA DEPARTMENT OF | ) |
| REVENUE, | ) |
| STERLING BANK, | ) |
| UNITED STATES SMALL BUSINESS | ) |
| ADMINISTRATION, | ) |
| UNITED STATES OF AMERICA | ) |

```
INTERNAL REVENUE SERVICE,              )
                                       )
    Cross Claim and Counterclaim Defendants.  )
_____    )
                                       )
M. NEAL ECKARD,                        )
                                       )
    Receiver.                          )
```

## ENTRY ON PARTIES' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on Plaintiff Zions First National Bank's ("Zions") Motion for Partial Summary Judgment (Dkt. 68) and Defendant, Cross-Claim and Counterclaim Plaintiff Enterprise Bank & Trust Company's ("Enterprise") Cross-Motion for Summary Judgment (Dkt. 78), as well as Enterprise's Motion for Immediate Entry of Summary Judgment Against Defendants Madhu Ram and Sadhna Ram (collectively, the "Rams") (Dkt. 127). On December 4, 2012, the Court entered a Partial Agreed Judgment addressing Zions' and Enterprise's claims against each other and against Defendants/Cross Defendants J-Ville Properties, Inc. ("J-Ville"), the United States Small Business Administration ("SBA"), and intervening party Montgomery County, Indiana ("Montgomery County") (Dkt. 122).[1] The Court also previously entered an Order which granted the Joint Motion to Dismiss Counts II and III of Enterprise's Cross-Claim and Counterclaim and Dismissed Mohan and Manga Reddyreddy ("the Reddyreddys") as Defendants to the Cross-Claim and Counterclaim (Dkt. 126). Consequently, the only claims remaining from the parties' summary judgment motions are Zions' and Enterprise's claims against the Rams seeking judgments on their respective guaranties. For the following reasons, Zions' Motion for Partial Summary Judgment (Dkt. 68) is **GRANTED IN PART** and **DENIED**

---

[1] The Internal Revenue Service ("IRS") filed its Disclaimer of Interest and was dismissed from this action on March 30, 2012 (Dkts. 18 and 50). The Court also granted Zions' Motion for Default Judgment against the Indiana Department of Revenue and Sterling National Bank ("Sterling Bank") on June 8, 2012 (Dkt. 73). Thus, the IRS, the IDR and Sterling are no longer parties to this action.

**IN PART**. Enterprise's Motion for Immediate Entry of Summary Judgment against the Rams (Dkt. 127) is **GRANTED**, and Enterprise's Motion for Summary Judgment (Dkt. 78) is **GRANTED IN PART** and **DENIED IN PART**.

## I.   BACKGROUND

The following material facts are not in dispute. This simple factual but somewhat complicated case was brought by Zions, a national banking association, in an attempt to collect a debt from the borrower, J-Ville. On or about March 28, 2008, J-Ville executed a promissory note in favor of Zions in the original principle amount of $1,500,000.00 (the "Zions Note"). Zions, as holder of the promissory note is entitled to enforce the Zions Note. In order to secure repayment of the Zions Note, J-Ville contemporaneously granted Zions a mortgage (the "Zions Mortgage") on real estate located at 2500 Lafayette Road, Crawfordsville, Montgomery County, Indiana (the "Real Estate"). As additional security for repayment of the Zions Note, J-Ville also granted Zions an assignment of rents, a security interest in the rents arising from the Real Estate (the "Zions Assignment"), and a commercial security agreement granting Zions a security interest in the personal property located at the Real Estate (the "Zions Security Agreement"). Additionally, on or about March 28, 2008, the Reddyreddys each executed a commercial guaranty in favor of Zions in which they absolutely and unconditionally guaranteed the payment of J-Ville's obligations to Zions under the Zions Note. The Reddyreddys subsequently transferred their interest in J-Ville to the Rams, and on December 11, 2009, the Rams each executed a commercial guaranty in which each of them absolutely and unconditionally guaranteed the payment of J-Ville's obligations to Zions under the Zions Note.

J-Ville is also indebted to Enterprise by virtue of a promissory note evidencing a loan agreement between Enterprise and J-Ville, executed on or about March 28, 2008, in the original

principal amount of $508,000.00 (the "Enterprise Note"). Enterprise is the holder of the Enterprise Note and entitled to enforce the Enterprise Note based upon Enterprise's purchase of the Enterprise Note and other related loan documents from the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Valley Capital Bank ("Valley"), the original holder of the Enterprise Note. In order to secure payment of the Enterprise Note, J-Ville granted Valley, and now Enterprise, a mortgage on the Real Estate contemporaneously with the execution of the Enterprise Note (the "Enterprise Mortgage"). In order to secure payment of the Enterprise Note, J-Ville also executed an Assignment of Rents (the "Enterprise Assignment") in favor of Valley, and now Enterprise. In addition, the Reddyreddys each executed commercial guaranties whereby they each absolutely and unconditionally guaranteed payment and performance of all the obligations of J-Ville to Enterprise under the Enterprise Note. On or about December 2, 2009, the Rams also each executed commercial guaranties whereby they each absolutely and unconditionally guaranteed the full payment and performance of all of the obligations of J-Ville to Enterprise under the Enterprise Note.

Prior to March 28, 2008, J-Ville executed a promissory note in favor of Indiana Statewide Certified Development Corporation ("Indiana CDC"), and Indiana CDC subsequently assigned this note to the SBA (the "SBA Note"). In order to secure payment of the SBA Note, J-Ville executed a mortgage in favor of Indiana CDC, which was subsequently assigned to the SBA (the "SBA Mortgage"). On or about March 28, 2008, the SBA executed a Subordination Agreement in which the SBA agreed to subordinate its pre-existing indebtedness, including its mortgage and security interest, to those of Zions and Valley, now Enterprise. As part of the Subordination Agreement, Zions and Valley, now Enterprise, agreed that they would subordinate any pre-payment penalties, late fees, and default interest to the SBA lien.

J-Ville is in default under the Zions Note, the Zions Mortgage, the Zions Assignment, the Enterprise Note, the Enterprise Mortgage, the Enterprise Assignment, the SBA Note and the SBA Mortgage by its failure to make timely payments under the terms of the Notes. Zions filed its motion for partial summary judgment seeking, *inter alia*, to collect the balance due under the Zions Note, along with attorneys' fees and expenses. Additionally, Zions seeks to foreclose the Zions Mortgage and the Zions Assignment on the Real Estate, and to recover on the guaranties executed by the Rams.[2] In its cross-motion for summary judgment, Enterprise also seeks, *inter alia*, to collect the balance due under the Enterprise Note, along with attorneys' fees and expenses, as well as foreclosure of the Enterprise Mortgage and to recover on the guaranties executed by the Reddyreddys and the Rams.

On December 4, 2012, the Court entered a Partial Agreed Judgment between Zions, Enterprise, J-Ville, the Reddyreddys, the Rams, the SBA, and Montgomery County (Dkt. 122). The Court entered judgment in favor of Zions against J-Ville for amounts owed under the terms of the Zions Note; judgment in favor of Enterprise against J-Ville for amounts owed under the terms of the Enterprise Note; and judgment in favor of the SBA against J-Ville for amounts owed under the SBA Note. The Court also entered a judgment against J-Ville that the Zions Mortgage be foreclosed against the Real Estate in favor of Zions and declared superior to all right, title and interest in and to the Real Estate claimed by J-Ville and anyone claiming by, through or under J-Ville, including Enterprise and the SBA. The Partial Agreed Judgment also foreclosed all of Zions' liens in favor of Zions, and foreclosed all Defendants' rights of redemption, with the

---

[2] Zions did not seek recovery on the guaranties executed by the Reddyreddys in their original motion for partial summary judgment (Dkt. 69 at 2 n.1); however, Zions subsequently filed a second motion for partial summary judgment against the Reddyreddys (Dkt. 101) for recovery on the guaranties, which will not be addressed in this Order. The only issue with respect to the Reddyreddys in Zions' motion addressed in this Order relates to the Reddyreddys' asserted interest in the personal property located on the Real Estate. *See* Dkt. 69 at 11, ¶ 47.

exception of the SBA, and ordered that the Real Estate be sold by the United States Marshal or the Sheriff of Montgomery County. However, the Partial Agreed Judgment specifically excluded Zions' and Enterprise's claims against the Reddyreddys and the Rams. *See* Dkt. 122 at 8 n.2.

On December 13, 2012, as a result of a settlement reached between Enterprise and the Reddyreddys, the Court granted Enterprise's and the Reddyreddys' joint motion to dismiss Counts II and III of Enterprise's Cross-Claim and Counterclaim and to dismiss the Reddyreddys as Defendants to the Cross-Claim and Counterclaim, without prejudice (Dkt. 126). This Order had no impact on Enterprise's claims against the remaining Cross Defendants.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted).

### III. <u>DISCUSSION</u>

This Court has previously entered a Partial Agreed Judgment and order dismissing Enterprise's claims against the Reddyreddys, as well as an order for dismissal of Sterling Bank and the Indiana Department of Revenue and the IRS's disclaimer of interest. Thus, the only claims remaining in Zions' motion for partial summary judgment and Enterprise's cross-motion for summary judgment are their respective claims against the Rams seeking recovery under the terms of the commercial guaranties. Therefore, Zions' motion for partial summary judgment with respect to J-Ville, the Reddyreddys, the SBA and Enterprise, and Enterprise's cross-motion for summary judgment with respect to Zions, J-Ville, the Reddyreddys, Sterling Bank, the Indiana Department of Revenue, and the SBA are denied as moot. Enterprise has also filed a Motion for Immediate Entry of Summary Judgment against the Rams (Dkt. 127). Enterprise asserts that Counts IV and V of its Cross-Claim and Counterclaim are the only remaining counts of their pending motion for summary judgment; therefore, the Court should enter judgment immediately based upon the Rams' failure to respond to their motion.

**A.     Zions' Motion for Partial Summary Judgment Against the Rams**

In its Motion for Partial Summary Judgment, Zions asks the Court to enter judgment against Sadhna Ram and Madhu Ram for the principal balance due under the Zions Note, plus interest, fees, and costs, as guarantors of J-Ville's obligations under the Zions Note. The Rams did not respond to Zions' motion, which was due on June 28, 2012, nor did any other Defendants dispute the validity of the Rams' guaranties.

Where a party fails to address another party's assertion of fact as required by Rule 56(c), which requires that a party cite "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including

those made for purposes of the motion only), admissions, interrogatory answers, or other materials," the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). Additionally, Local Rule 56-1(b) requires a non-movant to file and serve a response brief and any evidence that the party relies upon to oppose the motion. In deciding a summary judgment motion, the court will assume that the facts as claimed and supported by admissible evidence by the movant are admitted without controversy, except to the extent that the non-movant specifically controverts the facts in that party's "Statement of Material Facts in Dispute" with admissible evidence, it is shown that the movant's facts are not supported by admissible evidence, or the facts, alone or in conjunction with other admissible evidence, allow the court to draw reasonable inferences in the non-movant's favor sufficient to preclude summary judgment. S.D. Ind. L.R. 56-1(f). However, the non-moving party's failure to respond does not automatically result in summary judgment for the moving party. *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, the court must still "make the further finding that given the undisputed facts, summary judgment is proper as a matter of law." *Id.*

The undisputed evidence shows that the Rams each executed a guaranty in favor of Zions on December 11, 2009, obligating them for the entire amount of the indebtedness of J-Ville under the terms of the Zions Note (Dkt. 14-5). The Rams have not denied that they executed the guaranties and have not alleged any facts as to why the guaranties should not be enforced. *See* Dkt. 59 at 9, ¶ 53. Therefore, Zions' motion to recover against the Rams on the guaranties executed in favor of Zions (Dkt. 68) is **GRANTED**. Because the Court has already entered judgment against J-Ville in favor of Zions (Dkt. 122), the Rams will be obligated for the amount of the Agreed Judgment.

**B.     Enterprise's Motion for Summary Judgment Against the Rams**

Enterprise filed a motion for immediate entry of summary judgment against the Rams, asking that the Court grant the only remaining counts which are the subject of their pending cross-motion for summary judgment. Enterprise has also filed a Supplemental Declaration of Stephen Reis, Vice-President of Enterprise (Dkt. 128), whereby Enterprise details the current amount owed by the Rams under the guaranties after receipt and application of settlement payments that Enterprise received from the Reddyreddys. As with Zions' motion, the Rams also did not respond to Enterprise's summary judgment motion, which was due on September 24, 2012.

Because the Rams have failed to respond to Enterprise's motion for summary judgment as required by Rule 56(c) and Local Rule 56-1(b), the Court may accept the facts as set forth by Enterprise in its motion as undisputed. Fed. R. Civ. P. 56(e); S.D. Ind. L.R. 56-1(f). The undisputed evidence shows that the Rams each executed a commercial guaranty in favor of Enterprise on December 2, 2009, obligating them for the indebtedness of J-Ville under the terms of the Enterprise Note (Dkts. 28-5, 28-6). The Rams have not denied that they executed the guaranties and have not alleged any facts as to why the guaranties should not be enforced. *See* Dkt. 64 at 5-6, ¶¶ 27, 29, 32, 34. Therefore, Enterprise's motion for immediate entry of summary judgment (Dkt. 127), and Enterprise's motion to recover against the Rams on the guaranties executed in favor of Enterprise (Dkt. 78) are **GRANTED**.

## IV.     CONCLUSION

For the reasons set forth in this Entry, Zions' Motion for Partial Summary Judgment (Dkt. 68) is **GRANTED IN PART** with respect to its motion to recover against the Rams on the guaranties executed in favor of Zions, and **DENIED AS MOOT** with respect to its claims

against all other Defendants. Enterprise's Motion for Immediate Entry of Summary Judgment Against Madhu Ram and Sadhna Ram (Dkt. 127) is **GRANTED**, and its Cross-Motion for Summary Judgment (Dkt. 78) is **GRANTED IN PART** with respect to its motion to recover against the Rams on the guaranties executed in favor of Enterprise, and **DENIED AS MOOT** with respect to its claims against all other Cross Defendants.

Therefore, it is **ORDERED**, that Zions should be, and hereby is, awarded judgment as follows:

   a. Pursuant to Count IV of Zions' Amended Complaint, Zions should be, and hereby is, awarded judgment against Defendant Madhu Ram in the amount of $1,586,803.15 as of September 11, 2012, which includes the amount of the Agreed Judgment against J-Ville in favor of Zions of $1,473,303.94, default interest of $45,436.09, late fees of $9,811.72, and a pre-payment fee of $58,251.40; plus interest continuing to accrue after September 11, 2012 at a rate of $274.11 per diem, and default interest at the rate of $371.19 per day through the date of this Judgment, all without relief from valuation and appraisement laws;

   b. Pursuant to Count IV of Zions' Amended Complaint, Zions should be, and hereby is, awarded judgment against Defendant Sadhna Ram in the amount of $1,586,803.15 as of September 11, 2012, which includes the amount of the Agreed Judgment against J-Ville in favor of Zions of $1,473,303.94, default interest of $45,436.09, late fees of $9,811.72, and a pre-payment fee of $58,251.40; plus interest continuing to accrue after September 11, 2012 at a rate of $274.11 per diem, and default interest at the rate of $371.19 per day through the date of this Judgment, all without relief from valuation and appraisement laws.

It is further **ORDERED** that Enterprise should be and hereby is awarded judgment as follows:

c. Pursuant to Count IV of Enterprise's Cross-Claim and Counterclaim, Enterprise should be, and hereby is, awarded judgment against Cross-Claim and Counterclaim Defendant, Madhu Ram, in the principal amount of $425,480.86, plus interest accrued as of December 13, 2012 in the amount of $97,572.91, plus late fees of $874.28, plus attorneys' fees and costs in the amount of $38,983.78, for a total judgment in the amount of $562,911.83 as of December 13, 2012, plus interest continuing to accrue after December 13, 2012 at the rate of $93.72 per diem through the date of this Judgment, all without relief from valuation and appraisement laws;

d. Pursuant to Count V of Enterprise's Cross-Claim and Counterclaim, Enterprise should be, and hereby is, awarded judgment against Cross-Claim and Counterclaim Defendant, Sadhna Ram, in the principal amount of $425,480.86, plus interest accrued as of December 13, 2012 in the amount of $97,572.91, plus late fees of $874.28, plus attorneys' fees and costs in the amount of $38,983.78, for a total judgment in the amount of $562,911.83 as of December 13, 2012, plus interest continuing to accrue after December 13, 2012 at the rate of $93.72 per diem through the date of this Judgment, all without relief from valuation and appraisement laws.

This Entry does not issue final judgment as all claims have not been resolved. When appropriate, final judgment will be issued in a separate order.

SO ORDERED.

Date: 01/09/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kayla D. Britton
FAEGRE BAKER & DANIELS - Indianapolis
kayla.britton@faegrebd.com

John Francis William Fleming
FAEGRE BAKER DANIELS LLP
john.fleming@faegrebd.com

David Michael Bullington
HOPPER & BLACKWELL
dbullington@hopperblackwell.com

George W. Hopper
HOPPER & BLACKWELL
ghopper@hopperblackwell.com

Tyler M. Nichols
KIRTLEY, TAYLOR, SIMS, CHADD & MINNETTE P.C.
tnichols@kirtleytaylorlaw.com

Raymond M. Kirtley
KIRTLEY, TAYLOR, SIMS, CHADD & MINNETTE P.C.
rkirtley@kirtleytaylorlaw.com

Martha R. Lehman
KRIEG DEVAULT, LLP
mlehman@kdlegal.com

James G. Lauck
KROGER GARDIS & REGAS LLP
jgl@kgrlaw.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov